NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC EDGECOMB WANNAMAKER,

Plaintiff-Appellant,

v.

RICHARD V. SPENCER[*]; UNITED
STATES DEPARTMENT OF THE NAVY,

Defendants-Appellees.

No.    18-35267

D.C. No. 3:16-cv-00549-CWD

MEMORANDUM[**]

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted May 17, 2019[***]
Seattle, Washington

Before:  KLEINFELD and FRIEDLAND, Circuit Judges, and PAULEY,[****]
District Judge.

---

[*]     Richard V. Spencer had been substituted for his predecessor,
Raymond E. Mabus, Jr., as Secretary of the Navy under Fed. R. Civ. P. 25(d).

[**]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[****]     The Honorable William H. Pauley III, United States District Judge for
the Southern District of New York, sitting by designation.

Eric Edgecomb Wannamaker appeals the district court's grant of summary judgment in favor of the Secretary of the Navy (the "Secretary"), upholding the Secretary's decision not to convene a special selection board to reconsider Wannamaker's non-promotion.[1] We assume the parties' familiarity with the facts and procedural history of this case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo, viewing the case from the same position as the district court, and we may affirm on any ground supported by the record. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017); *John v. United States*, 720 F.3d 1214, 1228 (9th Cir. 2013). As relevant here, the Secretary has discretion to convene a special selection board upon finding "material unfairness," which includes a determination that "the action of the promotion board that considered the person" involved "material administrative error." 10 U.S.C. § 628(b)(1); *see also* SECNAVINST 1420.1B, ¶ 24(e)(3)(c) (defining a "material error" as one "more likely than not to have deprived the officer concerned of a fair and impartial consideration by the board"). A court reviewing a determination by the Secretary of a military department not to

---

[1] The district court also denied Wannamaker's motion to supplement the administrative record. Because Wannamaker does not appear to challenge this aspect of the district court's ruling, we do not review it here. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

2

convene a special selection board may set that determination aside if the Secretary's determination is, *inter alia*, "arbitrary or capricious" or "not based on substantial evidence." 10 U.S.C. § 628(g)(1)(A).

Wannamaker raises two primary contentions on appeal. First, he argues that the district court erred by applying the "unusually deferential" standard of review articulated by the U.S. Court of Appeals for the D.C. Circuit. Second, Wannamaker claims error based on the district court's failure to account for his assertions of bias by the FY15 Promotion Selection Board and the district court's dismissal of his circumstantial evidence as speculative. Because the record supports affirming the district court's judgment even under the customary arbitrary and capricious standard, we need not decide the propriety of applying an "unusually deferential" gloss to that standard of review under 10 U.S.C. § 628(g).

We reject Wannamaker's claim of error based on the district court's failure to consider his allegations of bias by the FY15 Promotion Selection Board. SECNAVINST 1420.1B provides that a non-selected officer asserting the same error by more than one promotion selection board must normally have the officer's case considered by only one special selection board. SECNAVINST 1420.1B, ¶ 24(e)(6). That special selection board is typically approved for the first promotion selection board affected by the error, but an officer may specify the particular board for which relief is sought. *Id.* Here, Wannamaker contends that

3

improper bias permeated both the FY15 and FY16 Promotion Selection Boards. But given Wannamaker's designation of the FY16 Promotion Selection Board as the one for which he sought approval of a special selection board, the district court did not err in confining its review of the Secretary's decision to Wannamaker's allegations of bias concerning that board.

We also conclude that the Secretary's decision not to convene a special selection board was not arbitrary and capricious and that it was supported by substantial evidence. As we have previously explained in the context of challenges to agency action under the Administrative Procedure Act, the arbitrary and capricious standard is "highly deferential"—"the agency's decision is 'entitled to a presumption of regularity,' and we may not substitute our judgment for that of the agency." *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415-16 (1971), *abrogated in part on other grounds as recognized in Califano v. Sanders*, 430 U.S. 99 (1977)). This review requires only "a rational connection between facts found and conclusions made." *Friends of Santa Clara River v. U.S. Army Corps of Eng'rs*, 887 F.3d 906, 920-91 (9th Cir. 2018) (quoting *Conservation Cong. v. Finley*, 774 F.3d 611, 617 (9th Cir. 2014)). Likewise, the Supreme Court recently reiterated that the substantial evidence standard is deferential and means only "such relevant evidence as a reasonable mind might

4

accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Here, the Secretary articulated a reasoned explanation, supported by the administrative record, for determining that Wannamaker failed to demonstrate material unfairness by a preponderance of the evidence. Specifically, the Secretary credited the 2016 Promotion Selection Board members' certification that they had discharged their duties without prejudice or partiality. He found the theoretical and unsubstantiated nature of Wannamaker's allegations insufficient to overcome the presumptive validity of the FY16 Promotion Selection Board's non-selection decision. Moreover, the Secretary distinguished Wannamaker's assertions of bias from the circumstantial evidence found to be sufficient in *Mori v. Department of the Navy*, 917 F. Supp. 2d 60 (D.D.C. 2013). Finally, Wannamaker takes issue with the manner in which the Secretary investigated his claims. However, we discern no "clear error of judgment" that would render the Secretary's failure to exhaust every lead arbitrary and capricious, *see Lands Council v. McNair*, 537 F.3d 981, 993 (9th Cir. 2008) (en banc), especially in light of the vague and speculative nature of Wannamaker's assertions.

In sum, we are satisfied that the Secretary afforded due consideration to Wannamaker's claim and adequately explained his rejection of Wannamaker's arguments, though we express no view on the correctness of the Secretary's

5

decision.  *Accord San Luis & Delta-Mendota Water Auth.*, 747 F.3d at 602 (citing

*Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980)).  Accordingly, we

conclude that the district court did not err in upholding the Secretary's decision not

to convene a special selection board.

**AFFIRMED.**